**Jayne Benevidez CAMPOS, Plaintiff and Respondent,**

v.

**Peter CAMPOS, Defendant and Appellant.**

**No. 13602.**

Supreme Court of Utah.

June 24, 1974.

Paul N. Cotro-Manes of Cotro-Manes, Warr, Fankhouser & Beasley, Salt Lake City, for defendant and appellant.

Earl S. Spafford of Spafford & Young, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice.

The defendant appeals from an order of the district court denying his petition for a modification of the decree of divorce entered in the case. The plaintiff filed her complaint for a divorce on November 2, 1972, and the defendant did not answer. A hearing was had on December 8, 1972, at which time the defendant was represented by counsel. The court found that the plaintiff was entitled to a divorce, and further found that the custody of two children of the marriage, Christian H., two years, and Derek H., one year, should be awarded

---

to the plaintiff subject to the right of the defendant to visit the children at reasonable times. The court also awarded to the plaintiff support for the minor children. No appeal was taken from the decree entered.

▉ On March 22, 1973, the defendant petitioned the court that the plaintiff be deprived of the custody of the minor children, claiming that the plaintiff was emotionally unstable, and that it would be in the best interests of the children if custody were awarded to him. After a hearing the court denied the defendant's petition. On October 3, 1973, the defendant filed a petition for modification of the decree wherein he alleged that the child Christian was the son of another man and that he, the defendant, should be relieved of the obligation to further support the child. After a hearing, the court denied defendant's petition for modification. While there was some evidence to support the defendant's contention that the child Christian was not his natural child, still the record does not support such a change of circumstances which would entitle the defendant to have the original decree modified. It should be noted that the defendant raised no issue of paternity at the time these proceedings were initiated, nor did the defendant make any such contention when he sought to have the decree modified so as to award to him the custody of

Christian as well as the other child. It appears to us that the defendant is attempting in these proceedings for a modification to have this court review the decree of divorce originally entered after the time for appeal from that decree has long since expired. The defendant attempts to have this court review the record in the case of Benevidez v. Zimmerman, which matter appears to have been tried in the district court. It does not appear from the record that the file in that case was before the district court in these proceedings, and it has not been made a part of the record here. That matter cannot be considered by this court.

The decision of the court below is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, J., concur.

ELLETT, Justice (concurring specially).

I concur, but with the observation that the failure of the defendant to include the Zimmerman record does not affect this decision.[1] It would have been proper evidence in the divorce action, but it would not give any proof of a "change in circumstances" so as to justify a modification of the original divorce decree.

CROCKETT, J., concurs in the concurring opinion of ELLETT, J.

---

1. It is claimed that the case of Zimmerman established that he was the father of the illegitimate child born to plaintiff prior to her second marriage to the defendant. No issue was raised at the divorce trial as to legitimacy, and the court there found that defendant was the father of the child. No appeal was taken from that ruling, and the defendant cannot under the claim of a change in circumstances relitigate the divorce case.